**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

RICHARD D. KENNEDY,         :
AIS 196984,

                         :

      Petitioner,

                         :

vs.                         CA 13-0161-CG-C

                         :

MOBILE CIRCUIT COURT,

                         :

      Respondent.

## REPORT AND RECOMMENDATION

Richard D. Kennedy, a state prisoner presently incarcerated at Elmore Correctional Facility, seeks this Court's permission to file what he deems to be a second 28 U.S.C. § 2254 habeas corpus petition pursuant to 28 U.S.C. § 2244. (*See* Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

According to the allegations gleaned from the motion for permission to file a second habeas corpus filed March 20, 2013 (*see* Doc. 1, at 5), and other documents electronically maintained by this Court, *see Kennedy v. Forniss*, CA 10-0251-CC-C; *Kennedy v. Forniss*, CA 07-0338-CG-M, Kennedy was convicted of murder and child abuse in the Circuit Court of Mobile County, Alabama on January 7, 1998, and was sentenced to consecutive terms of life imprisonment and ten years. *See Kennedy v. Forniss*, CA 10-0251-CC-C, Doc. 12, at 1-2. Petitioner's convictions and sentences were

affirmed on appeal by the Alabama Court of Criminal Appeals in an unpublished memorandum decision issued on October 2, 1998. *See Kennedy v. State*, 744 So.2d 956 (Ala.Crim.App. 1998) (table). A certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on October 20, 1998. *Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 12, Exhibit B, at 2.

Kennedy filed his first Rule 32 petition in the Circuit Court of Mobile County, Alabama on June 30, 2000, collaterally attacking his convictions and sentences. *Id.* Following the trial court's denial of the petition, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed. *Id*. Thereafter, Kennedy filed three additional Rule 32 petitions, all of which were denied. *See id*.

Kennedy filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on June 29, 2007, collaterally attacking his convictions and sentences. *See Kennedy v. Forniss*, CA 07-0338-CG-M, Doc. 1. On November 20, 2007, Magistrate Judge Bert W. Milling, Jr. recommended that the petition be denied as time-barred. *See Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 12, Exhibit B. Chief United States District Judge Callie V.S. Granade adopted the Magistrate Judge's report and recommendation by order and judgment entered on January 16, 2008. *See id.,* Exhibit C. On February 7, 2008, Kennedy filed written notice of appeal or alternatively for certificate of appealability, *Kennedy v. Forniss,* CA 07-0338-CG-M, Doc. 25, and later a motion for leave to appeal *in forma pauperis, id*. at Doc. 30. On February 28, 2008, Chief Judge Granade entered an order denying petitioner's motion for certificate of appealability. *Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 12, Exhibit D. On May 6, 2008, the Eleventh Circuit Court of Appeals denied petitioner's motion for certificate of appealability, finding that Kennedy "failed to make a substantial showing of the denial of a constitutional right." *Id.,* Exhibit E, at 1. Petitioner sought reconsideration and on

2

June 17, 2008, a panel of the Eleventh Circuit again denied petitioner's motion for certificate of appealability due to his failure "to make the requisite showing." *See id*. at 2.

Kennedy filed another Rule 32 petition in the Circuit Court of Mobile County, Alabama in 2008 and also a state habeas corpus petition in that court in 2009. *See Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 4, at 4-5. These collateral petitions were summarily dismissed by the trial court, *see id*., and the appeals of same were dismissed without reaching the merits, *see id*. at 5.

Kennedy filed his second federal habeas corpus petition in this Court on May 6, 2010. *Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 1, at 14 (petition signed and given to prison authorities for mailing on this date). Although it was determined that the claims petitioner sought to be raised in that petition were entirely different from those raised in his first federal habeas petition, *see id.,* Doc. 13, at 3, this Court concluded that Kennedy's petition was due to be dismissed for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A), *compare id.* at 5 & 7 *with id.,* Docs. 18-19. Kennedy's motion for certificate of appealability was denied by the Eleventh Circuit Court of Appeals on January 19, 2011, *Kennedy v. Forniss,* CA 10-0251-CC-C, Doc. 27, and, on March 10, 2011, the appellate court denied his motion for reconsideration, *id.* at Doc. 28. Kennedy's petition for writ of certiorari to the United States Supreme Court was denied on October 11, 2011. *Id*. at Doc. 31.

Based upon the style of this case, and some of the contents of Kennedy's present motion, it is apparent to the undersigned that petitioner filed yet another collateral petition in the Circuit Court of Mobile County, Alabama challenging his convictions

and sentences. (*See* Doc. 1, at 1 & 4) Kennedy seeks this Court's permission to file a successive petition to test his "factual innocence." (*See id*. at 4.)[1]

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case.").  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

Pursuant to 28 U.S.C. §§ 2254 and  2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d

---

[1]    Parenthetically, the undersigned would simply note that the following statement by the State of Alabama in its June 14, 2012 brief does not constitute an admission (as Kennedy seems to think) that petitioner is "actually innocent" of the crimes for which he was convicted: "The State further argued, Kennedy's claim that he is actually innocent, likewise, is a claim that there was insufficient evidence to convict him of the crime, which is a sufficiency of the evidence claim."  (Doc. 1, Exhibit B, at 5.) The State was simply pointing out that petitioner's "actual innocence" claim was really a "sufficiency of the evidence" claim, there being no admission that the evidence offered at trial was insufficient to convict Kennedy of murder and child abuse. (*See id.*)

1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied,* 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

Petitioner's knowledge of the foregoing legal premise is, indeed, evident in the instant motion for permission (Doc. 1, at 1), yet there is nothing to indicate that Kennedy filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Kennedy's motion and internal request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert.*

*denied,* 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (Feb. 17, 2010).[2]

---

[2]      The undersigned recommends that this Court dismiss with prejudice Kennedy's present petition/motion due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra,* 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary,* 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred."  *Guenther,* 173 F.3d at 1331.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition/motion is unquestionably a successive pleading, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant motion, with prejudice, for want of jurisdiction or that Kennedy should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Richard D. Kennedy's motion seeking permission to file a successive petition for writ of habeas corpus be dismissed with prejudice for lack of jurisdiction. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 9th day of April, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

8

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).